## Commonwealth v. Bart

*Hal Ciampoli, assistant district attorney,* for the Commonwealth.

*Michael J. O'Connor,* for defendant.

BROWN, *J.,* September 13, 1991—

OPINION AND ORDER

Defendant was convicted, after a summary appeal hearing on May 3, 1991, of speeding, specifically, of travelling 71 m.p.h. in a 55 m.p.h. zone. The conviction was based, inter alia, on evidence that a radar device operated by a state police officer measured defendant's speed at 71 m.p.h. At the hearing, defendant argued that the Commonwealth had failed to prove an essential element of its case, as there had been no evidence introduced establishing the existence of signs warning of the use of radar. We ruled that since such signs are not required, *Commonwealth v. DePasquale,* 327 Pa. Super. 579, 476 A.2d 419 (1984), *rev'd on other grounds,* 509 Pa. 183, 501 A.2d 626 (1985), the Commonwealth was not required to present evidence on the point. See opinion and verdict of May 9, 1991. In the instant post-verdict motions, defendant argues that the use of radar in this case violated section 5761 of the Wiretapping and Electronic Surveillance Control Act, 18 Pa.C.S. §5761.

Initially, we note that defendant has waived this claim as he failed to raise it at the hearing on May 3, 1991. Pa.R.Crim.P. 1123(a). Even had the claim been raised, though, it would not have affected the verdict, as it is without merit.

Section 5761 of the Wiretapping and Electronic Surveillance Control Act is addressed specifically to "Mobile Tracking Devices." 18 Pa.C.S. §5761. Subsection (c) requires a written application for the use of a mobile tracking device, and an order by the court of common pleas authorizing its use, before such device may law-

fully be installed or used. Defendant argues that the radar device used in the instant case is such a mobile tracking device, and that its use by the state police without prior court approval violated the Act. The language of the Act makes it clear, however, that a radar device such as that used in the instant case is not a mobile tracking device within the realm of the statute.

Section 5702 defines "tracking device" as an "electronic or mechanical device which permits only the tracking of the movement of a person or object," 18 Pa.C.S. §5702. Section 5761(c)(2) requires that the written application "identify the vehicles, containers or items to which, in which or on which the mobile tracking device shall be attached or be placed, and the names of the owners or possessors of the vehicles, containers or items." 18 Pa.C.S. §5761(c)(2). Section 5761(g) provides that "[m]ovement of the tracking device within an area protected by a reasonable expectation of privacy shall not be monitored absent [certain conditions]." 18 Pa.C.S. §5761(g). Clearly, considering this language, the legislature did not intend that the statute apply to the use of radar to measure the speed of vehicles travelling on the highway.

Accordingly, the following will be entered:

## ORDER

And now, September 13, 1991, defendant's post-verdict motions are hereby denied. The sentence imposed by this court on May 9, 1991, which was automatically vacated by the filing of post-verdict motions, is hereby reinstated.